ACCEPTED
03-12-00474-CR
5330530
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/18/2015 5:14:32 PM
JEFFREY D. KYLE
CLERK

NO. 03-12-00474-CR

IN THE COURT OF APPEALS FOR THE

THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/18/2015 5:14:32 PM
JEFFREY D. KYLE
Clerk

CHRISTINA LYONS,
Appellant

V.

STATE OF TEXAS,
Appellee

Appealed From The
22nd Judicial District Court
Of Hays County, Texas

APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE COURT OF APPEALS:

CHRISTINA LYONS, the Appellant in Cause Number CR-11-0101 in the

22nd District Court of Hays County, Texas, pursuant to Rule 49 of the Texas Rules

of Appellate Procedure, submits this Motion for Rehearing moving this Honorable

Court to reconsider its Opinion of February 26, 2015 affirming the judgment and

sentence of conviction.

1

**GROUND FOR REVIEW NUMBER ONE**

**THE COURT OF APPEALS ERRED BY RULING THAT THE TRIAL JUDGE'S DENIAL OF ADDITIONAL TIME FOR A DEFENSE EXPERT TO BE ABLE TO ASSIST IN THE PREPARATION OF AND PRESENTATION OF THE DEFENSE IS SUBJECT TO AN ABUSE OF DISCRETION STANDARD.**

**ARGUMENT AND AUTHORITIES**

In the case at bar, this Court held that a trial judge's denial of additional time in order for a defense expert to be able to assist in the preparation and presentation of the defense was subject to an abuse of discretion standard. Lyons v. State, No. 03-12-00474-CR at 6-9, 20 (Tex. App. - Austin, February 26, 2015). The Court of Criminal Appeals has held, however, that a trial judge's denial to the defense of access to expert assistance to assist in the preparation and presentation of a defense was structural error and not subject to a harmless error analysis. Rey v. State, 897 S.W.2d 333 (Tex. Crim. App. 1995). Where a capital defendant has an interest in the accuracy of the proceedings, the State maintains an interest in the accuracy of the result of the trial, and a defense expert is required to assist in the defensive theory of the case and present the jury with alternative theories, a trial judge's denial of access to such a defense expert is structural error and not subject to a harm analysis. Id.

In Rey v. State, the defendant was charged with capital murder. Id. The State alleged that the defendant caused the death of the complainant in the course of

2

committing burglary of a house during which time the complainant received injuries to the head. Id. The defense claimed that the complainant died of a heart attack, not injuries to the head, and the defense informed the trial judge prior to trial and again during trial that an expert pathologist was needed to assist the defense in this regard. Id. The trial judge denied the defense access to such an expert. Id. The Court of Criminal Appeals held that access to such an expert pathologist was a "'basic tool' essential to developing and presenting his defensive theory." Id. The Court held that the denial of access to such a "basic tool" was structural error not subject to a harm analysis. Id.

Rey v. State cited Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) for the proposition that a defendant must be provided with "the basic tools to present his defense within our adversarial system." Id. The Rey court recognized that Ake "placed the greatest emphasis on the third factor, discussing the importance of [defense expert] testimony in conveying to the factfinder an understanding of the defendant's [defensive issues] . . ." Id. The Rey court also recognized that Ake was concerned that "the risk of an inaccurate verdict was high where the defendant was not assisted by a [defense expert] to 'help determine whether the [] defense is viable, to present testimony, and to assist in preparing the cross-examination of a State's [expert] witnesses." Id. Where a scientific issue is likely to be a significant factor, "a

defense may be devastated by the absence of a [defense expert's] examination and testimony; with such assistance, the defendant might have a reasonable chance of success." Id.

The Rey court stated that, "The adversarial model rests on the assumption that each party to a dispute, motivated by self-interest, will develop his position to the greatest extent possible . . . thus providing the factfinder an optimal vantage from which to gauge all relevant facts and make an informed decision on the merits." Id., citing DeFreece v. State, 848 S.W.2d 150 (Tex. Crim. App.), cert. denied, 510 U.S. 905, 114 S.Ct. 284, 126 L.Ed.2d 234 (1993). The court further explained:

> In an adversarial system due process requires at least a reasonably level playing field at trial . . . It also means the appointment of a [defense expert] to provide technical assistance to the accused, to help evaluate the strength of his defense, to offer his own expert diagnosis at trial if it is favorable to that defense, and to identify the weaknesses in the State's case, if any, by testifying himself and/or preparing counsel to cross-examine opposing experts.

Id.

Rey v. State determined that this type of error is structural and cannot be evaluated for harm:

> This analysis leads us to ask whether the error in the instant case was structural or trial error. ***We conclude the error is structural***. We would first point out, as we have previously noted, that the Supreme Court in Ake reversed

4

and remanded for a new trial without conducting a harm analysis. See DeFreece, 848 S.W.2d at 160. It is clear from a reading of Ake that the error at issue is structural in nature. The Court's analysis in Ake began with a revisiting of the "elementary principle" that every criminal defendant, indigent or otherwise, must have "a fair opportunity to present his defense." Ake, 470 U.S. at 76. The Court spoke in terms of the "basic tools of an adequate defense" and the "raw materials integral to the building of an effective defense" in concluding that in certain defined circumstances, discussed at length earlier in this opinion, a defense expert is such an element . . . We can conceive of few errors that are more structural in nature than one which eliminates a basic tool of an adequate defense and in doing so dramatically affects the accuracy of the jury's determination . . .

Id. (Emphasis added).

In the case at bar, counsel was appointed on January 17, 2012 to represent the Appellant in this capital murder case. Lyons v. State, supra, at 8. Trial was scheduled for June 2012. Id. Counsel timely requested discovery but was not initially provided with the crucial medical records or radiological films of the complainant. (R - v.2 - 5-6).[1] Three weeks prior to trial, counsel received these discovery items totaling approximately 1000 pages and obtained a neuro-radiologist expert to review these records. Id. On May 23, 2012, the defense expert informed counsel that a pathologist would be needed to explain to the jury that the injuries to the complainant could have

---

[1]The clerk's record will be referred to as "T and page number." The court reporter's record will be referred to as "R and volume and page number."

been caused by a fall to the ceramic floor or by the Appellant's other child. Id. Counsel located a pathologist, but that expert informed counsel that the expert could not be prepared for trial in the time remaining before trial was scheduled to begin. Id. at 8. Counsel filed with the trial judge an ex parte motion for continuance which outlined the pathologist's (Dr. Willey's) concerns:

> Dr. Willey would be willing to testify in this case, but cannot do so in the time frame currently provided. Dr. Willey has made a preliminary review of the evidence in this case, and although he cannot make a final determination, and indeed is requesting more information than what Counsel currently has in his possession, Dr. Willey has informed the defense that these types of injuries could have been caused by a short fall onto a hard surface, like the ceramic floors of Defendant's home (located by the back door). In addition, the injuries could have been caused by another child who was present in the home, and has admitted to injuring the victim in this case. Dr. Willey's initial analysis is consistent with the defensive theory.

Lyons v. State, supra at 7.

The trial judge refused to provide to the defense additional time for this defense pathology expert to be able to assist in the preparation and presentation of the defense. The State called the following expert witnesses: a pediatric radiologist, a department head of pediatric neurosurgery, a program director for pediatrics residency training, and a medical examiner pathologist. Lyons v. State, supra at 16-17. No defense expert testified in support of the defense theory that the injuries could have been caused by a fall on a hard surface or could have been caused by another

6

child in the house. Id. at 5. Additionally, no defense expert pathologist assisted counsel in the cross-examination of the State's experts.

The defense expert pathologist would have been able to explain to the jury that the complainant suffered from weak bone density and fragility of the skull bones in particular. See Appellant's Brief at 55. The defense expert pathologist would have been able to then explain to the jury that the complainant was susceptible to the injuries sustained by the complainant by means of a short fall or by the actions of a four-year-old person. Id. This was the key to the Appellant's defense. Id. The defense expert would have been able to assist the defense in cross-examination of the State's expert witnesses who all disagreed that a four-year-old could have caused the injuries to the complainant. Id. Previous counsel withdrew from the case after being denied the assistance of court-appointed experts. Id. at 6. It appears that the trial judge in the case at bar circumvented the decision whether or not to appoint the defense expert pathologist by merely denying the continuance request. This, in effect, was the denial of expert assistance. The defense expert pathologist was not appointed to assist counsel during this capital murder trial.

The Appellant was not provided with the basic tools to present her defense within our adversarial system. It was crucial in the Appellant's trial that a defense expert pathologist convey to the jury an understanding of the defense regarding the

bone condition of the complainant and the fact that a four-year-old could have caused the injuries sustained by the complainant. Given the lack of assistance by a defense expert pathologist, the risk of an inaccurate verdict is high since the Appellant was not assisted by a defense expert pathologist to present testimony and to assist in preparing the cross-examination of the State's four expert witnesses. The Appellant's defense was devastated by the absence of the defense expert's examination and testimony and assistance to defense counsel for the cross-examination of the State's four expert witnesses.

The adversarial model was not followed in the Appellant's case since the Appellant, without the assistance of a defense expert pathologist, was unable to develop her defense to the greatest extent possible. This resulted in the jury not receiving an optimal vantage from which to gauge all relevant facts and make an informed decision on the merits. The Appellant's right to due process was violated since the Appellant was denied at least a reasonably level playing field at trial given the State's four expert witnesses as opposed to no defense expert pathologist. Additionally, the Appellant was deprived of the technical assistance of a defense expert pathologist to help evaluate the strength of her defense, to offer his own expert diagnosis at trial favorable to that defense, and to identify the weaknesses in the State's case by testifying himself and preparing counsel to cross-examine opposing

experts. The Appellant's access to such an expert pathologist was a basic tool essential to developing and presenting her defensive theory just as in <u>Rey v. State</u>. This denial of access to such a basic tool was structural error not subject to a harm analysis. This Court, however, improperly applied an abuse of discretion standard.

Based upon the above, this Honorable Court should withdraw its opinion of February 26, 2015, hold that the denial of additional time for a defense expert in pathology to be able to assist in the preparation and presentation of the defense was structural error, sustain the Appellant's points of error, and remand this cause to the trial court for a new trial.

**PRAYER**

WHEREFORE, for the reasons stated above and for the reasons stated in the Brief for the Appellant, this Court should grant the Appellant's Motion for Rehearing and upon rehearing, reverse the judgment of the trial judge and remand this cause for a new trial.

Respectfully submitted,

GROSS & ESPARZA, P.L.L.C.


/s/ Michael C. Gross
Michael C. Gross
State Bar No. 08534480
106 South St. Mary's Street, Suite 260
San Antonio, Texas 78205
(210) 354-1919
(210) 354-1920 Fax

Attorney for the Appellant,
CHRISTINA LYONS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was emailed to Angie D. Roberts-Huckaby, Assistant District Attorney, angie.roberts@co.hays.tx.us on the 18th day of May 2015.

/s/ Michael C. Gross

## CERTIFICATE OF COMPLIANCE

1.     The brief complies with the type-volume limitation imposed by Rule 9.4(i) of the Texas Rules of Appellate Procedure because the brief contains 2,127 words excluding the signature, proof of service, certification, certificate of compliance, and appendix.

2.     The brief complies with the typeface and the type style requirements of Rule 9.4(e) of the Texas Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using WordPerfect 6.1 in 14 point font and Times New Roman type style.

/s/ Michael C. Gross